UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 12-30630-DHW
                                                         Chapter 13
FREDDIE LEE PORTERFIELD,

      Debtor.

ORDER DISMISSING BANKRUPTCY CASE

      The bankruptcy administrator filed a motion to dismiss this chapter 13 case. The motion states that the debtor did not file this case in good faith because the debts listed in this case were also listed in a prior chapter 7 case in which the debtor's discharge was denied. Under 11 U.S.C. § 523(a)(10), those debts are not dischargeable in the instant case.

      The motion came on for hearing on April 23, 2012. The debtor objects to dismissal.

      The debtor desires to pay what he can toward his debts and also enjoy the protection of the court from the pursuit and harassment of creditors. The debtor states that he is willing to waive his discharge. He proposes to pay $5,220 to his unsecured creditors during the next 56 months. This amount constitutes approximately 11% of unsecured claims.

      "'A central purpose of the Bankruptcy Code is to provide an opportunity for certain insolvent debtors" to gain a fresh start by the discharge of their debts. *Bullock vs. BankChampaign, N.A. (In re Bullock)*, 670 F.3d 1160 (quoting *Eavenson v. Ramey*, 243 B.R. 160, 164 (N.D. Ga. 1999). An equally "critical feature" of "every bankruptcy proceeding" is the "equitable distribution" of the debtor's "property among the debtor's creditors." *Central Virginia Community College v. Katz*, 546 U.S. 356, 363-364, 126 S. Ct. 990, 996 (2006).

      The court is guided by these policies in reaching a decision in this

case. The debtor will not be able to achieve a fresh start because all of the debts he seeks to pay are non-dischargeable. And while creditors will receive some payment in this case, the benefit to creditors is eroded by the *de minimis* percentage the debtor is able to pay.

The court concludes that the small percentage that creditors will be paid in this case is not meaningful enough to upset, for the next 56 months, their rights under applicable nonbankruptcy law to pursue collection of these nondischargeable debts.

For the above reasons, the court concludes that the bankruptcy administrator's motion to dismiss this case is due to be, and is, hereby, GRANTED, and this bankruptcy case is DISMISSED.

Done this 24th day of April, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Sandra H. Lewis, Attorney for Debtor
   Curtis C. Reding, Trustee
   Teresa R. Jacobs, Bankruptcy Administrator